UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JERRY CLANTON,

    Plaintiff,                                                 CASE NO.: 4:17-cv-1499

v.

CITIFINANCIAL SERVICING, LLC,

    Defendant.

## COMPLAINT

COMES NOW, Plaintiff, JERRY CLANTON, by and through the undersigned counsel, and sues Defendant, CITIFINANCIAL SERVICING, LLC (hereinafter "CITIFINANCIAL"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CITIFINANCIAL from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan. 3, 2017).

1

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in St. Charles County, Missouri. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Clarke County, Mississippi.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant, CITIFINANCIAL SERVICING, LLC, is a corporation with its principal place of business located at 1000 Technology Drive, O'Fallon, Missouri which is located in St. Charles County, Missouri and which conducts business in the State of Missouri through its registered agent, CT Corporation System, located at 120 S. Central Avenue, Clayton, Missouri.

12. CITIFINANCIAL called Plaintiff approximately one thousand (1,000) times in an attempt to collect a mortgage.

13. Upon information and belief, some or all of the calls CITIFINANCIAL made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received from CITIFINANCIAL.

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (601) ***-6363 and was the called party and recipient of CITIFINANCIAL's calls.

15. CITIFINANCIAL placed an exorbitant number of automated calls to Plaintiff's cellular telephone (601) ***-6363 in an attempt to collect on a mortgage.

16. On several occasions over the last four (4) years, Plaintiff instructed CITIFINANCIAL's agent(s) to stop calling his cellular telephone. On one such occasion, in or about June 2016, Plaintiff spoke to an agent of CITIFINANCIAL and stated "Please stop calling me and contact me via mail."

17. Despite Plaintiff informing CITIFINANCIAL to stop calling, CITIFINANCIAL's autodialer calls to Plaintiff's cellular phone continued. Between November 16, 2016 to December 6, 2016, Plaintiff made a non-exclusive log of eleven (11) calls he received from CITIFINANCIAL. Due to the volume and time period over which he received automated calls, Plaintiff was not able to properly catalogue each and every call from CITIFINANCIAL; however, attached hereto as Exhibit A is a small sampling.

18. The autodialer calls from CITIFINANCIAL came from telephone numbers including but not limited to (863) 644-1412 and (877) 988-9536 and when those numbers are called a pre-recorded voice or agent answers and identifies the number as belonging to CITIFINANCIAL.

19. CITIFINANCIAL knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff cellular telephone number up to two (2) times a day, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

20. CITIFINANCIAL has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21. CITIFINANCIAL has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CITIFINANCIAL, to remove the number.

22. CITIFINANCIAL's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to CITIFINANCIAL they do not wish to be called.

23. CITIFINANCIAL has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24. CITIFINANCIAL has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25. CITIFINANCIAL has had numerous complaints against it from consumers across the country asking to not be called; however, CITIFINANCIAL continues to call these individuals.

26. CITIFINANCIAL's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from CITIFINANCIAL call list.

27. CITIFINANCIAL has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

28. Not one of CITIFINANCIAL's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

29. CITIFINANCIAL willfully and/or knowingly violated the TCPA with respect to Plaintiff.

30.     From each and every call placed without express consent by CITIFINANCIAL to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

31.     From each and every call without express consent placed by CITIFINANCIAL to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CITIFINANCIAL call.

32.     From each and every call placed without express consent by CITIFINANCIAL to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33.     Each and every call placed without express consent by CITIFINANCIAL to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34. Each and every call placed without express consent by CITIFINANCIAL to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

35. Each and every call placed without express consent by CITIFINANCIAL to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

36. Each and every call placed without express consent by CITIFINANCIAL to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

37. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, CITIFINANCIAL's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty seven (37) as if fully set forth herein.

39. CITIFINANCIAL willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CITIFINANCIAL that Plaintiff wished for the calls to stop

40. CITIFINANCIAL repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff, Jerry Clanton, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CITIFINANCIAL SERVICING, LLC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ D. Todd Mathews, Esquire*
D. Todd Mathews, Esquire
Missouri Bar No.: 52502
Chelsea L. Fischer, Esquire
Missouri Bar No.: 67819
Gori Julian & Associates, P.C.
156 N. Main St.
Edwardsville, IL 62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834
todd@gorijulianlaw.com
cfischer@gorijulianlaw.com
Attorney for Plaintiff